UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


DENNIS ROBERT COYNE,

       Petitioner,

v.                                      Case No. 2:06-cv-86
                                      HON. R. ALLAN EDGAR

LINDA M. METRISH,

       Respondent.

_____/


**REPORT AND RECOMMENDATION**

Petitioner Dennis Robert Coyne filed this petition for writ of habeas corpus challenging the validity of his state court sentence. Petitioner was convicted after he plead guilty to assault with intent to commit criminal sexual penetration, in violation of MCL § 750.520g(1). On March 15, 2002, Petitioner was sentenced to five to ten years imprisonment.

Petitioner maintains that his sentence was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issue in his petition:

> That the People asserted now petitioner's prior misdemeanor assault
> and battery reflects a pattern of dangerous behavior, inherently sexual
> in nature, to make raise the substantial and compelling reasons to
> increase his sentencing guideline score, also asserting now, after the

fact, his past explanation for it is now unbelievable, constituted re-litigation and vindictiveness to obtain added basis for increasing upward departure in sentence, violated his rights to equal protection, due process, finality and ex post facto.

The Michigan Court of Appeals rejected Petitioner's claims, explaining:

> Here, the trial court departed from the sentencing guidelines based on its finding that the crime for which defendant was convicted and an earlier crime he committed were unusually similar. The earlier case also involved an assault against a young woman in a public parking lot during daylight hours. We conclude that the trial court's reasons for departure meet the criteria set forth in *Babcock* [*People v Babcock*, 469 Mich 247, 264-265; 666 NW2d 231 (2003)]. The trial court's reasons are objective and verifiable. Further, the pattern of dangerous behavior evidenced by the previous and current offenses keenly and irresistibly grabs the attention. In fact, the trial court stated that it could not recall ever sentencing someone for "two assaults of this type in public settings on young women." The obvious pattern to defendant's crimes indicates an impulsive proclivity that properly carried considerable weight in determining the appropriate length of defendant's sentence. Finally, the similarities in the crimes are extraordinary, so this qualifies as an exceptional case to which the guidelines do not neatly apply. Furthermore, as discussed below, the sentencing guidelines did not account for defendant's earlier conviction at all. Therefore, the trial court did not abuse its discretion when it determined that the similarity between the two crimes served as a substantial and compelling reason to depart from the sentencing guidelines.
>
> Next, defendant claims that the trial court erred by basing its guidelines departure on defendant's prior conviction, because consideration of the earlier conviction violated MCL 769.34(3)(b). Defendant argues that the Legislature specifically excluded the earlier conviction as a factor in determining defendant's sentence because the crime occurred before the five-year period in MCL 769.34(3)(b). We disagree. The trial court cannot base its departure on "an offense characteristic or offender characteristic already taken into account in determining the appropriate sentencing range unless the court finds from the facts contained in the court record, including the presentence investigation report, that the characteristic has been given inadequate or disproportionate weight." MCL 769.34(3)(b).

> Here, the trial court concluded that the sentencing guidelines' factors did not adequately address the risk presented by defendant, and that the resultant statutory sentence failed to provide proportionate punishment or protection for the community. Under the sentencing guidelines, a continuing pattern of criminal behavior is determined by only considering crimes occurring within a five-year period. MCL 777.43(2)(a). Because defendant's prior crime did not fall within the five-year period, the court did not score defendant under that offense variable, and defendant's pattern of criminal behavior was not "taken into account," under MCL 769.34(3)(b). Under these circumstances, the trial court properly determined that defendant's sentence should reflect the obvious existence of the criminal pattern. Without a departure by the trial court, defendant's pattern of dangerous behavior and the risk that he poses to young women would not have been factored into his sentence and would have led to a disproportionately low sentence. Therefore, the trial court did not violate any statutory restrictions when it based its departure on an underscored variable.
>
> Finally, we reject defendant's assertion that his sentence violates the rule of *Blakely v Washington*, 542 US [296]; 124 S Ct 2531, 2536; 159 L Ed 2d 403 (2004). As our Supreme Court recognized in *People v Claypool*, 470 Mich 715, 731 n 14; 684 NW2d 278 (2004), the *Blakely* decision specifically excluded indeterminate sentencing from its ambit, because indeterminate sentencing does not improperly increase the maximum sentence, but rather, it adjusts the minimum sentence. Moreover, defendant's sentence was a departure from the sentencing guidelines, so unlike the sentence in *Blakely*, the trial court, not the Legislature, determined the appropriate sentence.

The Michigan Supreme Court denied leave to appeal.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner claims that the judge inaccurately considered the sentencing guidelines. Generally, errors in sentencing do not present a federal issue cognizable in habeas corpus proceedings. *See Johnson v. Arizona*, 462 F.2d 1352 (9th Cir. 1972); *Pringle v. Beto*, 424 F.2d 515 (5th Cir. 1970). To the extent that Petitioner challenges the correctness of his sentence on the basis of state law, Petitioner is not entitled to habeas review unless there has been a fundamental miscarriage of justice. *See Bagby v. Sowders*, 894 F.2d 792 (6th Cir.), *cert. denied*, 496 U.S. 929 (1990).

Furthermore, MCL § 750.520g(1) provides for a maximum punishment of life imprisonment. Therefore, Petitioner has not set forth a federal question because his sentence was imposed within the state statutory limit. *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987), *cert. denied*, 484 U.S. 1014 (1988).

> [A] state trial court's sentencing decision and claims arising out of the decision are not generally constitutionally cognizable, relief may be required where the petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly

- 5 -

> unauthorized by law.  *E.G.*, *Bozza v. United States*, 330 U.S. 160, 166, 67 S.Ct. 645, 648-49, 91 L.Ed. 8181 (1947); *United States v. Jackson*, 696 F.2d 320, 321 (5th Cir. 1983); *Willeford v. Estelle*, 538 F.2d 1194, 1196-97 (5th Cir. 1976).  If the sentence is within the statutory limits, the petitioner must show that the sentencing decision was wholly devoid of discretion or amounted to an "arbitrary or capricious abuse of discretion," or that an error of law resulted in the improper exercise of the sentence's discretion and thereby deprived petitioner of his liberty.

*Id.* at 923-24.

Petitioner's sentence does not exceed the statutory limit nor has Petitioner shown that the sentence amounted to an arbitrary and capricious abuse of discretion.  The trial court articulated valid reasons for Petitioner's sentence.  In the opinion of the undersigned, Petitioner cannot show that his constitutional or federal rights were violated by his sentence or sentence proceeding.

In *Blakely v. Washington*, 542 U.S. 296 (2004), the petitioner plead guilty to second-degree kidnaping involving domestic violence and use of a firearm.  By his plea of guilty, he admitted the elements of second-degree kidnaping, domestic-violence and use of a firearm, but no other relevant facts.  *Blakely v. Washington*, 542 U.S. 296, 298-99 (2004).  The facts admitted in his plea supported a maximum sentence of 53 months, but the trial court sentenced him to more than three years above the 53-month statutory maximum because the trial court found that he had acted with deliberate cruelty.  *Id.* at 303.  The United States Supreme Court applied the *Apprendi* rule, requiring a jury determination of guilty on every element of a crime, to the State of Washington's determinate sentencing scheme.  *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  The *Blakely* Court made clear that the "statutory maximum" for *Apprendi* purposes is "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*."  *Id.* at 305-06 (emphasis in original).  However, *Blakely* does not apply to Michigan's

indeterminate sentencing scheme. *Tironi v. Birkett*, 252 Fed. Appx. 724 (6th Cir. 2007). Accordingly, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Petitioner has not

- 8 -

established that he was sentenced in violation of his federal rights. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

        NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley  
      TIMOTHY P. GREELEY  
      UNITED STATES MAGISTRATE JUDGE

Dated: October 16, 2008